**Daniel Mark SHERN, Petitioner–Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. C7–01–494.**

Court of Appeals of Minnesota.

Nov. 6, 2001.

Charles Chinquist, Fargo, ND, for appellant.

Mike Hatch, Attorney General, John B. Galus, Assistant Attorney General, St. Paul, and David Olin, Pennington County Attorney, Alan G. Rogalla, Assistant County Attorney, Thief River Falls, for respondent.

Considered and decided by HANSON, Presiding Judge, RANDALL, Judge, and STONEBURNER, Judge.

## OPINION

STONEBURNER, Judge.

Appellant petitioned for post-conviction relief, arguing that a five-year period of conditional release that the district court imposed seven months after his sentence was executed was void because the correction was made without prior notice and in violation of Minn. R.Crim. P. 27.03, subd. 2, which requires that a defendant be present at the time of sentencing. After briefs were submitted in this appeal, the supreme court held that Minn. R.Crim. P. 27.03, subd. 2 deals only with the original sentencing hearing, not with modifications to a sentence, and that whether a defendant

should have a hearing on the imposition of conditional release to correct a sentence is left to the discretion of the sentencing court. *State v. Calmes*, 632 N.W.2d 641, 650 (Minn.2001).

We hold that the district court should have given notice of its intent to correct appellant's sentence so that appellant could have requested a hearing, but because appellant has not presented any facts or claims that would have made denial of a hearing an abuse of discretion, he was not prejudiced by lack of notice and the district court did not err by denying his petition for post-conviction relief.

## FACTS

Appellant Daniel Mark Shern pleaded guilty to the charge of criminal sexual conduct in the second degree. Minn.Stat. § 609.343, subds. 1(a), 2 (2000). Pursuant to a plea agreement, the district court stayed imposition of sentence and placed appellant on 25 years probation with conditions. Appellant violated the conditions of probation. on several occasions. At his fourth revocation hearing, appellant's sentence was executed but the district court failed to include the nonwaivable, mandatory five-year period of conditional release required when a court sentences a person to prison for violation of Minn.Stat. § 609.343, subd. 5 (2000).

Approximately seven months after the sentence was executed, the district court, without notice to appellant or hearing, amended appellant's sentence to include the five-year conditional-release period. Appellant contends that he first learned of the correction when he was required to sign a supervised-release agreement upon his release from confinement. Over two-and-a-half years later, appellant petitioned for postconviction relief, arguing that the order amending his sentence to add the period of conditional release was void be-cause it was entered without prior notice, outside the presence of appellant and without giving appellant the opportunity to be heard. The district court denied the petition and this appeal followed.

## ISSUE

Was defendant entitled to notice and an opportunity to be present when his sentence was corrected to add a nonwaivable, mandatory period of conditional release?

## ANALYSIS

In general, a postconviction court's decision will not be disturbed absent an abuse of discretion. *State v. Rainer*, 502 N.W.2d 784, 787 (Minn.1993). "[T]he scope of review is limited to determining whether there is sufficient evidence in the record to sustain the postconviction court's findings." *Id.*

The supreme court recently held that the determination of whether a defendant should have a hearing on the imposition of conditional release to correct a sentence is left to the discretion of the sentencing court. *Calmes*, 632 N.W.2d at 650. Appellant concedes that the supreme court has specifically rejected his argument that Minn. R.Crim. P. 27.03, subd. 2 requires that a defendant must be present before such a correction is valid. In *Calmes*, the supreme court notes that a hearing would be appropriate if there are questions about the validity of a plea agreement in light of such a correction, questions about the length of the conditional-release term, or if a convicted defendant claims to have developed a reasonable crystallized expectation of finality in a sentence that did not include a mandatory and nonwaivable condition. *Calmes*, 632 N.W.2d at 650.

Appellant concedes that the five-year period of conditional release was a mandatory and nonwaivable part of his sentence.

He does not argue that the correction affected the validity of his plea agreement, or that he has the necessary "crystallized expectation of finality" to challenge the correction. Appellant has not alleged any factors that make denial of a hearing prior to correction of his sentence an abuse of the district court's discretion.

■ The postconviction court did not address appellant's claim that he was entitled to prior notice of the sentencing court's intent to correct the sentence. The supreme court did not address the issue of notice in *Calmes* or its predecessors and did not set out the procedure by which a defendant can notify the sentencing court of factors which would make a hearing appropriate prior to correcting a sentence to add an omitted, nonwaivable, mandatory period of conditional release. The county attorney, with admirable candor, conceded at oral argument that some type of notice to the convicted defendant should be required to ensure due process.

■ We hold that a convicted defendant is entitled to notice and an opportunity to request a hearing and notify the sentencing court of any factors that would make a hearing appropriate prior to correction of a sentence to add a nonwaivable, mandatory period of conditional release. Whether or not to grant the hearing rests within the discretion of the sentencing court. *Id.* Because appellant has not presented any factors that make denial of a hearing an abuse of discretion, appellant, in this case, was not prejudiced by the lack of notice and the district court did not abuse its discretion in denying his petition for postconviction relief.

### DECISION

A convicted defendant is entitled to notice prior to correction of a sentence for a criminal sexual conduct conviction to add an omitted, nonwaivable, mandatory period of conditional release and an opportunity to present factors to the sentencing court that would make a hearing appropriate prior to the correction. Whether to grant or deny the requested hearing rests in the sentencing court's discretion. Because appellant was not prejudiced by lack of notice in this case, the district court did not abuse its discretion in denying his petition for postconviction relief.

**Affirmed.**